affect Northfield Woods' certificate by granting a second certificate to Illinois Municipal.

In light of our conclusion, we need not consider appellant's contention that the Commission's order was manifestly against the evidence contained in the record.

For the abovementioned reasons, the order of the circuit court of Cook County affirming the Illinois Commerce Commission's decision is reversed, and this cause is remanded to the trial court with directions to set aside the order of the Illinois Commerce Commission and for any further proceedings consistent with the views expressed in this opinion.

Order reversed and the cause remanded.

DEMPSEY and MEJDA, JJ., concur.

SUSAN RIZZO, Adm'rx of the Estate of Kristine Rizzo, a Minor, Deceased, Plaintiff-Appellant, *v.* JAMES EMMONS, Defendant-Appellee.

(No. 60494;

First District (3rd Division)—May 1, 1975.

PER CURIAM.

Tom L. Yates, of Chicago (Delbert T. Been, of counsel), for appellant.

Taylor, Miller, Magner, Sprowl, & Hutchings, of Chicago (James J. Hoffnagle, of counsel), for appellee.

JOSEPH A. THORSEN REALTORS, Plaintiff-Appellant, *v.* JOHN WERNER, Defendant-Appellee.

(No. 60581;

First District (3rd Division)—May 1, 1975.